UNITED STATES DISTRICT COURT
FOR THE WESTERN DISCTRCT OF MICHIGAN

CHRISTOPHER UNGER, and
DUSTIN LACH, individually and
on behalf of similarly situated persons,

                 Plaintiffs,

v

SC ENVIRONMENTAL SERVICES, LLC,
a Michigan limited liability company, and
JOHN K. SEARS

                 Defendants.

Case No. _____

**JURY TRIAL DEMANDED**

---

Jeffrey S. Theuer (P44161)
Loomis, Ewert, Parsley,
  Davis & Gotting, P.C.
124 West Allegan, Suite 700
Lansing, MI 48933
(517) 482-2400
jstheuer@loomislaw.com
Attorneys for Plaintiffs

---

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiffs Christopher Unger and Dustin Lach, individually and on behalf of all other similarly situated employees (as defined in the class definition below), bring this action to recover unpaid overtime, and for related relief, against Defendants SC Environmental, LLC ("SC Environmental"), a Michigan limited liability company, and John K. Sears, an individual, (collectively "Defendants"), based on Defendants' violations of the provision of sections 7, 11, and 15 of the Fair Labor Standards Act of 1938, as Amended (29 U.S.C. §201, et seq.) (the "FLSA" or "Act"), 29 U.S.C §§207, 211, and 215, and to recover an equal additional amount as liquidated damages pursuant to section 16(c) of the Act, 29 U.S.C §216(b), and attorney fees and costs as

allowed by the Act, 29 U.S.C §216(b), and other relief as requested herein. In support of their Complaint, Plaintiffs allege as follows:

### Jurisdiction and Venue

1. Jurisdiction is conferred upon this Court by the FLSA, 29 U.S.C. §216(b) and §217, and 28 U.S.C. §1331 (Federal question jurisdiction).

2. Venue is proper in this District under 28 U.S.C. §1391 because Defendants reside, operate their business in this District, employed Plaintiffs in this District, and a substantial portion of the events giving rise to the claims herein occurred in this District.

### Parties

3. Defendant SC Environmental Services, LLC ("SC Environmental") is and at all relevant times was, a Michigan limited liability company with an office and a place of business within Ingham County, Michigan at 701 E. South St., Lansing, MI 48910, within the jurisdiction of this Court, and is, and at all times relevant was, engaged in the business of environmental remediation and disposal services, and the performance of activities related that business.

4. Defendant John K. Sears ("Sears") is an individual and controlling member and owner of Defendant SC Environmental, and at all times relevant, actively supervised the day-to-day operations and management of the corporate Defendant in relation to its employees as well as establishing the violative pay practices alleged in this Complaint. At all times relevant, Defendant Sears was engaged in business within Ingham County at 701 E. South St., Lansing, MI 48910, within the jurisdiction of this Court. Defendant Sears acted directly or indirectly in the interest of Defendant SC Environmental in relation to its employees and is an employer within the meaning of the FLSA, 29 U.S.C. §203(d), and MCL 408.412(d).

5. Defendant SC Environmental is and at all relevant times was, engaged in related activities performed through unified operation or common control for a common business purpose, and is, and at all times relevant was, an enterprise within the meaning of section 3(r) of the FLSA, 29 U.S.C. §203(r).

6. SC Environmental is, and at all times relevant was, an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §203(s)(1)(A) in that said enterprise at all times relevant had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and that said enterprise had an annual gross volume of sales made or business done of not less than $500,000.

7. Plaintiff Christopher Unger is an individual who was employed by Defendants from approximately May 2018 to January 2019 as a commercial driver. Mr. Unger's consent to bring this action pursuant to 29 U.S.C. §216(b) has been filed with the Court.

8. Plaintiff Dustin Lach is an individual who was employed by Defendants from approximately April 2017 to January 2019 as a commercial driver. Mr. Lach's consent to bring this action pursuant to 29 U.S.C. §216(b) has been filed with the Court.

**General Allegations**

9. Defendants have owned and operated an environmental remediation and disposal business in the Lansing, Michigan area since at least 2014. Defendants demolish buildings, remove construction and hazardous materials, and operate an asbestos remediation facility.

10. Defendants employ equipment operators, truck drivers, and laborers in connection with their business activities.

11. At all relevant times, the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), required employers, including Defendants, to compensate employees for their employment in excess of 40 hours per week at rates not less than one and one-half times their regular rate.

12, At all relevant times, the Michigan Workforce Opportunity Wage Act ("WOWA"), MCL 408.411, *et seq.*, required employers, including Defendants, to compensate employees for their employment in excess of 40 hours per week at rates not less than one and one-half times their regular rate. MCL 408.424a.

13. Defendants repeatedly violated the provisions of the FLSA and WOWA, by employing employees who in workweeks were engaged in commerce or in the production of goods for commerce, or who were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA and WOWA, for workweeks longer than forty (40) hours without compensating such employees for their employment in excess of forty (40) hours per week during such workweeks at rates not less than one and one-half times the regular rate at which they were employed.

14. Specifically, Defendants paid their employees at their regular rate for hours worked in excess of forty (40) hours per week without a one and one-half regular rate overtime premium.

15. Defendants attempted to conceal their failure to pay overtime premium by a scheme in which Defendants falsely recorded employees' time in their payroll records at forty (40) hours per week, regardless of the number of hours actually worked. Employee weekly paychecks were then issued for a straight forty (40) hour workweek, and an amount of cash was included in the payroll envelope for each employees' hours worked in excess of forty (40) at the employee's regular hourly rate.

16. Defendants' employees regularly worked more than forty (40) hours per workweek, and were compensated through Defendants' unlawful scheme.

17. This compensation scheme was a common policy applied across all Defendants' business operations, including to the Plaintiffs herein.

18. Defendants have never sought a compliance review regarding the legality of their compensation policy.

19. Defendants have never sought a professional opinion regarding the legality of their compensation policy.

20. Defendants knew, or should have known, that their compensation policy was unlawful, and did not comply with provisions of the FLSA and WOWA.

21. Defendants actively concealed their unlawful compensation policy by inaccurately recording employee hours worked records, and paying a portion of compensation in cash to avoid creating a paper trail for their unlawful compensation policy.

22. Defendants repeatedly violated the provisions of the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5), because they failed to make, keep, and preserve adequate and accurate records of employees and the wages, hours, and other conditions and practices of employment maintained by them as prescribed by regulations duly issued pursuant to authority granted by the FLSA and found in 29 C.F.R. §516, in that they failed to keep all required records of actual hours worked each workday and/or workweek.

23. All of Defendants' hourly employees had similar experiences to those of Plaintiffs. They were subject to the same or similar unlawful compensation policy.

24. Defendants willfully failed to pay overtime compensation to their employees, in violation of state and federal overtime requirements.

### Class and Collective Action Allegations

25. Plaintiffs bring Count I under the FLSA as an "opt-in" collective action on behalf of similarly situated hourly employees pursuant to 29 U.S.C. §216(b). For purposes of Plaintiffs' proposed FLSA collective action, the similarly situated employees entitled to notice include potential plaintiffs and opt-in plaintiffs who were employed and compensated on an hourly bases at any time during the three years immediately preceding the filing of this Complaint.

26. FLSA claims may be pursued by those who opt-in to this case pursuant to 29 U.S.C. §216(b).

27. Plaintiffs, individually and on behalf of other similarly situated employees, seek relief on a collective action basis challenging Defendants' practice of failing to pay employees overtime in compliance with state and federal law. The number and identity of other plaintiffs eligible to opt-in may be ascertained from Defendants' records, and potential class members may be notified of the pendency of this action by email or mail.

28. Plaintiffs and Defendants' hourly employees are similarly situated in that:

   a. They have worked as hourly employees for Defendants;

   b. They have been subject to the same pay practices and policies of Defendants;

   c. Defendants failed to pay overtime to these employees in compliance with state and federal law.

29. Plaintiffs bring Count II as a class action pursuant to Fed. R. Civ. P. 23, on behalf of themselves and as the Class Representatives of the following persons (the "Class"):

> Employees of Defendants in the State of Michigan who were compensated on an hourly basis at any time within the three years immediately preceding the filing of this Complaint.

30. Count II, if certified for Class-wide treatment, is brought on behalf of all similarly situated persons who do not opt-out of the Class.

31. Plaintiffs' state law claims in Count II satisfy the numerosity, commonality, typicality, adequacy, predominance and superiority requirements for a class action pursuant to Fed. R. Civ. P. 23.

32. The Class sought in Count II satisfies the numerosity standard as it consists of as many as hundreds of individuals who are geographically dispersed and, joinder of all Class members in a single action is impractical.

33. Questions of fact and law common to the Class predominate over any questions affecting only individual members. The questions of law and fact common to the Class arising from Defendants' actions include, without limitation:

    a. Whether they worked as hourly employees for Defendants;

    b. Whether they were subject to the same pay policies and practices of Defendants;

    c. Whether they were not paid one and on-half time their regular rate for work in excess of forty (40) hours per workweek;

    d. Whether Defendants recorded forty (40) or less hours worked for these employees per workweek, regardless of the number of hours actually worked;

    e. Whether they received unrecorded cash compensation at their regular rate for hours worked in excess of forty (40) hours per workweek.

34. The questions set forth above, predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency,

economy, efficiency, fairness, and equity to other available methods for the fiar adjudication of the state law claims.

35. Plaintiffs' claims are typical of those of the Class sought in Count II in that:

    a. They worked as hourly employees for Defendants;

    b. They were subject to the same pay policies and practices of Defendants;

    c. They were not paid one and on-half time their regular rate for work in excess of forty (40) hours per workweek;

    d. Defendants recorded forty (40) or less hours worked for Plaintiffs per workweek, regardless of the number of hours actually worked;

    e. They received unrecorded cash compensation at their regular rate for hours worked in excess of forty (40) hours per workweek.

36. Plaintiffs are adequate representatives of the Class sought in Count II because they are members of the Class and their interest does not conflict with the interest of the members of the Class they seek to represent. The interests of the members of the Class sought in Count II will be fairly and adequately protected by Plaintiffs and the undersigned counsel, who have extensive experience with complex wage and hour, employment, and class action litigation.

37. Maintenance of the claims asserted in Count II as a class action is superior to other available methods for fairly and efficiently adjudicating the controversy because members of the Class have little interest in individually controlling the prosecution of separate actions, no other litigation is pending over the same controversy, it is desirable to concentrate the litigation in this Court due to the relatively small recoveries expected for individual member of the Class, and there are no material difficulties impairing management of a class action.

38. It would be impractical and undesirable for each member of the Class sought in Count II who suffered harm to bring a separate action.

39. Maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all Class members in one proceeding.

### COUNT I
### Violation of the Fair Labor Standards Act of 1938 by Failing to Pay Overtime in Accordance with Federal Law

40. Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 through 39 as if fully set forth herein.

41. Defendants are subject to the FLSA's overtime pay requirements because they are an enterprise engaged in interstate commerce, and their employees are engaged in interstate commerce, or produced or handled goods or materials which have traveled in interstate commerce.

42. At all relevant times herein, Plaintiffs and all others similarly situated have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §201, *et seq*.

43. Section 13 of the FLSA, 29 U.S.C. §213 exempts certain categories of employees from federal overtime requirements. None of the FLSA exemptions apply to Plaintiffs or similarly situated employees.

44. The FLSA regulates, among other things, the payment of overtime compensation to employees of employers whose employees are engaged in interstate commerce, the production of goods for commerce, the handling of goods or materials which have moved in interstate commerce, and enterprises engaged in the production of goods for commerce. 29 U.S.C. §207.

45. Defendants are engaged in interstate commerce, and their employees handle goods and materials which have traveled in interstate commerce.

46. Defendants failed to compensate employees at one and one-half times their regular rate for hours worked in excess of forty (40) hours per workweek.

47. Defendants knew or should have known that their compensation policies, practices and methodologies resulted in failure to compensate their employees in compliance with federal overtime laws.

48. Defendants violated the FLSA by failing to pay overtime compensation to Plaintiffs and similarly situated employees.

49. Plaintiffs and all similarly situated employees have been subjected to a uniform and employer-based compensation policy. This uniform policy has been applied, in violation of the FLSA, and continues to be applied, to hourly workers in Defendants employment.

50. Plaintiffs and all similarly situated employees are entitled to damages equal to one and one-half times their regular rate for all hours worked in excess of forty (40) hours per workweek, for three years preceding the filing of this complaint, because Defendants acted willfully and knew, or showed reckless disregard for whether their conduct was unlawful.

51. Defendants have not acted in good faith or with reasonable grounds to believe their actions were in compliance with the FLSA. As a result, Plaintiffs and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime compensation pursuant to 29 U.S.C. §216(b). Alternatively, if liquidated damages are not awarded, Plaintiffs and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

52. As a result of Defendants' willful violations of the FLSA's overtime requirements, Plaintiffs and all similarly situated employees have suffered damages and Defendants are liable for unpaid overtime compensation pursuant to 29 U.S.C. §216(b), together with liquidated damages in the amount of 100% of the unpaid overtime, pre-judgment and post-judgment interest, reasonable attorney fees, and the costs of this action.

WHEREFORE, Plaintiffs and all similarly situated employees demand judgment against Defendants, jointly and severally, and request compensatory damages for unpaid overtime, liquidated damages, attorney fees and court costs, all as allowed by the FLSA, and pre and post-judgment interest, together with such other and further relief as this Court deems just and equitable.

## COUNT II
### Violation of the Michigan Overtime Wage Law (WOWA)

53. Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 through 52 as if fully set forth herein.

54. The Michigan WOWA statute provides that "[a]n employer shall not pay any employee at a rate that is less than prescribed in this act." MCL 408.413.

55. The Michigan WOWA statute requires employers to pay employees overtime at a rate of one and one-half times their regular rate for all hours in excess of forty (40) hour per workweek. MCL 408.414a.

56. At all times relevant to this action, Plaintiffs were employees of Defendants within the meaning of the Michigan WOWA statute. MCL 408.412(c).

57. At all times relevant to this action, Defendants were employers within the meaning of the Michigan WOWA statute. MCL 408.412(d).

58.	At all times relevant to this action, Plaintiffs and members of the proposed Rule 23 Class have been entitled to the rights, protections, and benefits provided under the Michigan WOWA statute.

59.	Defendants have failed to pay overtime compensation to Plaintiffs and proposed Class members in violation of the Michigan WOWA statute.

60.	Plaintiffs and members of the proposed Rule 23 Class have been subjected to a uniform and employer-based compensation policy. This uniform policy has been applied, and continues to be applied, in violation of the Michigan WOWA statute, to Defendants' employees.

WHEREFORE, Plaintiffs and members of the proposed Rule 23 Class demand judgment against Defendants, jointly and severally, and request compensatory damages for unpaid overtime, liquidated damages, attorney fees and court costs, all as allowed by the WOWA statute, MCL 408.419, and Fed. R. Civ. P. 23, and pre and post-judgment interest, together with such other and further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury of all issues so triable.

Respectfully submitted,

Dated: February 18, 2019

/s/ Jeffrey S. Theuer
Jeffrey S. Theuer (P44161)
Loomis, Ewert, Parsley,
 Davis & Gotting, P.C.
124 W. Allegan St., Suite 700
Lansing, MI  48933
(517) 482-2400
jstheuer@loomislaw.com
Attorneys for Plaintiffs